**Daniel Edward McILVAINE**

v.

**C. Murray HENDERSON, Warden of Louisiana State Penitentiary.**

**Misc. No. 1012.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

June 25, 1969.

---

Richard A. Dowling, New Orleans, La., for petitioner.

Jack P. F. Gremillion, Atty. Gen., State of Louisiana, Jack Yelverton, Asst. Atty. Gen., State of Louisiana, James L. Alcock, Louise Korns, Asst. Dist. Attys., Parish of Orleans, for respondent.

WEST, Chief Judge:

On January 27, 1969, this Court rendered an opinion herein, which is reported at 295 F.Supp. 60, granting petitioner's application for the issuance of a writ of habeas corpus, reserving to the State of Louisiana the right to re-try petitioner, if it chooses to do so, in accordance with law, within a reasonable time, which time was set by the Court at sixty days. On February 7, 1969, the State of Louisiana, claiming to have been aggrieved by that judgment, moved for a new trial, or a rehearing, which was granted on March 7, 1969, and the time within which to try petitioner previously granted by the Court was suspended. A complete new evidentiary hearing was held before this Court on April 21, 1969, and the matter was then submitted for further determination on the basis of the new record resulting from that hearing.

Now, the Court having reconsidered this matter in light of the record as it now stands, it is the opinion of this Court that there was no error in this Court's determination made on January 27, 1969, and that the judgment and order entered herein on January 28, 1969 should be made executory. The evidence presented by the State at the rehearing did not in any way alter the situation surrounding the arrest of petitioner and the ensuing search and seizure. The officers who made the arrest did so as a result of information they received from a person they classified as a "reliable informer." But the sum total of the information they received from this source was that "he [the informer] indicated that these subjects [petitioner McIlvaine and one O. S. Roberson] were burglarizing drugstores for narcotics." Based upon this "reliable information" the officers "started an investigation." Even though the officers claimed to have "handled" Roberson before, they nevertheless had never "handled or arrested" McIlvaine before, and did not know him to be a handler of narcotics. During their investigation they saw petitioner in the company of Roberson and others whom they knew to be involved with narcotics from time to time, but they had absolutely no factual information whatsoever to give them probable cause to believe that petitioner had narcotics in his possession at the time of his arrest. He was arrested purely and simply on information that gave rise to a *suspicion* rather than to a *probable cause* to believe a felony was being committed. See White v. Swenson, 301 F. Supp. 447 (W.D.Mo. 5/2/69).

During the second evidentiary hearing held before this Court, the arresting officer, Officer Favalora, testified as follows:

"Q. Officer Favalora, as I understand, if nothing was found in that house, then your arrest was no good, wasn't it?

"A. That is correct, sir.

"Q. You had nothing to arrest him on except what you might find in the house, is that right?

"A. That's correct, sir."

Therefore, for the reasons stated herein, together with the reasons stated in this Court's opinion of January 27, 1969, and filed of record herein, the judgment entered herein on January 28, 1969 is hereby made the final judgment of this Court and petitioner's application for a writ of habeas corpus will be granted, reserving to the State the right to re-try petitioner if it elects to do so, according to law, and within a reasonable time, say sixty days from date hereof.